Lawyers Against Lawsuit Abuse, APC
David W. Peters, SB#155449
402 West Broadway, Suite 400
San Diego, CA 92101
(619) 275-2000 / FAX (619) 353-9990
dpeters@ascervus.com

Attorney for DEFENDANT and CROSS-CLAIMANT
Glenn Douglas

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES<br><br>                    Plaintiff,<br><br>v.<br><br>GLENN DOUGLAS dba THE WASH HOUSE;<br>LEE FAMILY TRUST 11-27-90 and DOES 1<br>THROUGH 10, Inclusive,<br><br>                    Defendants.<br><hr>GLENN DOUGLAS dba THE WASH HOUSE,<br><br>                    Cross-Claimant,<br><br>v.<br><br>LEE FAMILY TRUST 11-27-90 and ROES 1<br>through 10, inclusive,<br><br>                    Cross-Defendants. | CASE NO: 08 CV 0690 L (POR)<br><br>**ANSWER OF DEFENDANT AND<br>CROSS-CLAIMANT GLENN<br>DOUGLAS**<br><br>Complaint Filed: 16 April 2008 |

Defendant and Cross-Claimant GLENN DOUGLAS ("DEFENDANT"), for himself alone and for no other defendant(s), respectfully answers the Complaint ("COMPLAINT") of Plaintiff in the above-encaptioned matter, and admits, denies and alleges as follows:

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

1.      DEFENDANT responds that the allegations set forth in the preamble to the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 1 of the Complaint and on that basis denies them.

2.      DEFENDANT responds that the allegations set forth in Paragraph 1 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 1 of the Complaint and on that basis denies them.

3.      DEFENDANT responds that the allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 2 of the Complaint and on that basis denies them.

4.      DEFENDANT responds that the allegations set forth in Paragraph 3 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 4 of the Complaint and on that basis denies them.

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA  92101   (619) 275-2000   Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.    DEFENDANT responds that the allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT admits that he operates a business open to the public, generally located at or about 2472 Market Street, San Diego, California (the "Facility") and generally known as "The Wash House", but lacks information and belief sufficient to respond to the remaining allegations of Paragraph 4 of the Complaint and on that basis denies them.

6.    DEFENDANT responds that the allegations set forth in Paragraph 5 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 5 of the Complaint and on that basis denies them.

7.    DEFENDANT responds that the allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 6 of the Complaint and on that basis denies them.

8.    DEFENDANT responds that the allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 7 of the Complaint and on that basis

denies them.

9.     DEFENDANT responds that the allegations set forth in Paragraph 8 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 8 of the Complaint and on that basis denies them.

10.     DEFENDANT responds that the allegations set forth in Paragraph 9 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 9 of the Complaint and on that basis denies them.

11.     DEFENDANT responds that the allegations set forth in Paragraph 10 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 10 of the Complaint and on that basis denies them.

12.     DEFENDANT responds that the allegations set forth in Paragraph 11 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 11 of the Complaint and on that

©2008 LAWYERS AGAINST LAWSUIT ABUSE.COM  402 West Broadway, Fourth Floor, San Diego, CA  92101  (619) 275-2000  Fax (619) 353-9990

basis denies them.

13.     DEFENDANT responds that the allegations set forth in Paragraph 12 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 12 of the Complaint and on that basis denies them.

14.     DEFENDANT responds that the allegations set forth in Paragraph 13 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 13 of the Complaint and on that basis denies them.

15.     DEFENDANT responds that the allegations set forth in Paragraph 14 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 14 of the Complaint and on that basis denies them.

16.     DEFENDANT responds that the allegations set forth in Paragraph 15 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 15 of the Complaint and on that

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

basis denies them.

17.    DEFENDANT responds that the allegations set forth in Paragraph 16 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 16 of the Complaint and on that basis denies them.

18.    DEFENDANT responds that the allegations set forth in Paragraph 17 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 17 of the Complaint and on that basis denies them.

19.    DEFENDANT responds that the allegations set forth in Paragraph 18 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 18 of the Complaint and on that basis denies them.

20.    DEFENDANT responds that the allegations set forth in Paragraph 19 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 19 of the Complaint and on that

©2008 LAWYERS AGAINST LAWSUIT ABUSE.COM  402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

basis denies them.

21.    DEFENDANT responds that the allegations set forth in Paragraph 20 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 20 of the Complaint and on that basis denies them.

22.    DEFENDANT responds that the allegations set forth in Paragraph 21 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 21 of the Complaint and on that basis denies them.

23.    DEFENDANT responds that the allegations set forth in Paragraph 22 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 22 of the Complaint and on that basis denies them.

24.    DEFENDANT responds that the allegations set forth in Paragraph 23 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 23 of the Complaint and on that

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000  Fax (619) 353-9990

basis denies them.

25.    DEFENDANT responds that the allegations set forth in Paragraph 24 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 24 of the Complaint and on that basis denies them.

26.    DEFENDANT responds that the allegations set forth in Paragraph 25 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 25 of the Complaint and on that basis denies them.

27.    DEFENDANT responds that the allegations set forth in Paragraph 26 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 26 of the Complaint and on that basis denies them.

28.    DEFENDANT responds that the allegations set forth in Paragraph 27 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 27 of the Complaint and on that

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

basis denies them.

29.    DEFENDANT responds that the allegations set forth in Paragraph 28 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 28 of the Complaint and on that basis denies them.

30.    DEFENDANT responds that the allegations set forth in Paragraph 29 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 29 of the Complaint and on that basis denies them.

31.    DEFENDANT responds that the allegations set forth in Paragraph 30 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 30 of the Complaint and on that basis denies them.

32.    DEFENDANT responds that the allegations set forth in Paragraph 31 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 31 of the Complaint and on that

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

basis denies them.

33.    DEFENDANT responds that the allegations set forth in Paragraph 32 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 32 of the Complaint and on that basis denies them.

34.    DEFENDANT responds that the allegations set forth in Paragraph 33 of the Complaint constitute legal conclusions and therefore no response is required; to the extent a response is required, DEFENDANT lacks information and belief sufficient to respond to the remaining allegations of Paragraph 33 of the Complaint and on that basis denies them.

35.    In response to the "Demand for Judgment of Relief" of the Complaint, paragraphs 1 through 7, these paragraphs constitute prayers for relief and therefore no response is required.  Nonetheless,

    a.  DEFENDANT urges the Court to decline jurisdiction of this case;

    b.  DEFENDANT denies that PLAINTIFFS are entitled to any injunctive relief under 42 USC 12188(a)(2), 28 CFR 36.501(b), or any other applicable law, precedent or statute;

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

c. DEFENDANT denies that PLAINTIFFS are entitled to any mandatory relief under subpart E of 28 CFR Part 36 or any other applicable law, precedent or statute;

d. DEFENDANT denies that PLAINTIFFS are entitled to any attorney's fees, litigation expenses and/or costs of this suit under 42 USC 12205, 28 CFR 36.505 California Code of Civil Procedure 1021.5, California Civil Code 55 or any other applicable law, precedent or statute;

e. DEFENDANT denies that PLAINTIFFS are entitled to any general or special damages under California Civil Code 54.3(a), 52(a) or any other applicable law, precedent or statute;

f. DEFENDANT denies that PLAINTIFFS are entitled to any general, special, punitive or exemplary damages; and

g. DEFENDANT denies that PLAINTIFFS are entitled to any other relief under their Complaint.

## AFFIRMATIVE DEFENSES

36.    As separate and distinct affirmative defenses to the causes of action alleged in the Complaint, DEFENDANT alleges as follows, without assuming the burden of proof where the burden of proof rests on PLAINTIFFS:

1

2

## First Affirmative Defense

3

4

37.    As a first and separate Affirmative Defense, and solely by way of an alternative

5

6

defense, not to be construed as an admission, this answering DEFENDANT alleges that this

7

Court lacks subject matter jurisdiction over this matter because there is no actionable wrong

8

arising under the Americans with Disabilities Act of 1990, 42 USC §12101, *et*. *seq*.

9

10

## Second Affirmative Defense

11

12

38.    As a second and separate Affirmative Defense, and solely by way of an

13

alternative defense, not to be construed as an admission, this answering DEFENDANT alleges

14

that this Court lacks pendent and/or supplemental jurisdiction over all claims arising under

15

16

California law, including, but not limited to, claims under California Health and Safety Code

17

§19955, *et*. *seq*., California Civil Code §§ 51, 51.5, 54 *et*. *seq*., and California Business &

18

Professions Code §17200 *et*. *seq*., because there is no actionable wrong arising under the

19

Americans with Disabilities Act of 1990, 42 USC §12101, *et*. *seq*.

20

21

22

## Third Affirmative Defense

23

24

39.    As a third and separate Affirmative Defense, and solely by way of an alternative

25

defense, not to be construed as an admission, this answering DEFENDANT alleges that this

26

Court lacks subject matter jurisdiction over this matter because there is not actionable wrong

27

arising under California Health and Safety Code §19955 *et*. *seq*.

28

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000  Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

### Fourth Affirmative Defense

40.    As a fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that this Court lacks subject matter jurisdiction over this matter because there is not actionable wrong arising under California Civil Code §§ 54, 54.1, 54.3, *et*. *seq*.

### Fifth Affirmative Defense

41.    As a fifth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that this Court lacks subject matter jurisdiction over this matter because there is not actionable wrong arising under the Unruh Civil Rights Act, California Civil Code §§ 51.5, *et*. *seq*.

### Sixth Affirmative Defense

42.    As a sixth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT is performing all readily achievable barrier removal, within their control, required by law, and therefore PLAINTIFFS' claim against DEFENDANT is barred.

### Seventh Affirmative Defense

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000  Fax (619) 353-9990

43.     As a seventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT is providing alternative methods of access to those areas of the Facility which are within their control, required by law, and therefore PLAINTIFFS' claim against DEFENDANT is barred.

## Eighth Affirmative Defense

44.     As an eighth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred by the applicable statute of limitations, including specifically, but not limited to California Code of Civil Procedure §§ 336. 336a, 337, 337a, 337.1, 337.15, 337.2, 338, 339, 339.5, 340 340.1, 340.2, 340.3, 340.5, 340.6 343, 346 and 347, Civil Code §§ 51 *et*. *seq*. and 3426.6, and Business & Professions Code § 17200.

## Ninth Affirmative Defense

45.     As a ninth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred by the doctrines of laches, estoppel, unclean hands, waiver, consent, acquiescence, ratification and reasonably implied assumption of risk.

## Tenth Affirmative Defense

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

46.     As a tenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS never sustained any damages caused by DEFENDANT, nor is PLAINTIFFS entitled to the Damages alleged.

### Eleventh Affirmative Defense

47.     As an eleventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS has failed to mitigate any damages PLAINTIFFS claims to have suffered and therefore, any recovery against DEFENDANT should be reduced accordingly.

### Twelfth Affirmative Defense

48.     As a twelfth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because DEFENDANTS' conduct was not unlawful in that DEFENDANT complied with and performed all applicable statutes and obligations imposed by law to the full extent of its responsibility.

### Thirteenth Affirmative Defense

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

49.    As a thirteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because DEFENDANT'S actions were reasonable exercises of it's business judgment, and not forbidden by law or unfair.

**Fourteenth Affirmative Defense**

50.    As a fourteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS' damages, if any, were caused by PLAINTIFFS' own negligence or want of ordinary care and prudence.

**Fifteenth Affirmative Defense**

51.    As a fifteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred by the doctrine of *in pari delicto*.

**Sixteenth Affirmative Defense**

52.    As a sixteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS' acts, omissions, representations and conduct constitute an estoppel, and bar her claims.

## Seventeenth Affirmative Defense

53.    As a seventeenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS has waived any and all claims she has made against DEFENDANT.

## Eighteenth Affirmative Defense

54.    As an Eighteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because any such conduct as alleged in the Complaint was consented to by PLAINTIFFS.

## Nineteenth Affirmative Defense

55.    As a Nineteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred to the extent that the

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

damages or losses allegedly sustained by PLAINTIFFS, if any, were the direct and proximate result of intervening and superseding actions on the part of other parties, and not DEFENDANT, barring PLAINTIFFS' recovery from DEFENDANT and/or entitling DEFENDANT to indemnity or contribution from those parties.

## Twentieth Affirmative Defense

56.     As a Twentieth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because DEFENDANT at no time acted with any intent to injure PLAINTIFFS, and the DEFENDANT took no actions intended to cause any harm to PLAINTIFFS.

## Twenty-First Affirmative Defense

57.     As a twenty-first and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because DEFENDANT did not engage in any willful, malicious, oppressive or outrageous conduct with regard to PLAINTIFFS.

## Twenty-Second Affirmative Defense

58.     As a twenty-second and separate Affirmative Defense, and solely by way of an

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA  92101  (619) 275-2000   Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that PLAINTIFFS' prayer for injunctive relief is barred because PLAINTIFFS has an adequate remedy at law.

## Twenty-Third Affirmative Defense

59.    As a twenty-third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS failed to exercise reasonable resourcefulness, care and diligence to mitigate any damages PLAINTIFFS allege she has suffered.

## Twenty-Fourth Affirmative Defense

60.    As a twenty-fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because any losses, damages and/or injuries sustained by PLAINTIFFS were proximately caused by the fault of persons or entities other than DEFENDANT.

## Twenty-Fifth Affirmative Defense

61.    As a twenty-fifth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges

that the Complaint and each and every cause of action therein is barred because any losses, damages and/or injuries sustained by PLAINTIFFS were the result of superseding and intervening acts of third parties.

## Twenty-Sixth Affirmative Defense

62.    As a twenty-sixth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because DEFENDANT has acted in good faith and with the belief that its conduct was lawful.

## Twenty-Seventh Affirmative Defense

63.    As a twenty-seventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS' damages, if any, were caused in whole or in part by third parties over whom DEFENDANTS had no control.

## Twenty-Eighth Affirmative Defense

64.    As a twenty-eighth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred to the extent if

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

PLAINTIFFS sustained any damage as alleged in the Complaint, which is denied, DEFENDANTS and their agents and servants took all reasonable measures to avoid the alleged damage.

### Twenty-Ninth Affirmative Defense

65.    As a twenty-ninth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because PLAINTIFFS lacks standing to prosecute the claims alleged in the Complaint.

### Thirtieth Affirmative Defense

66.    As a thirtieth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because the Property is in substantial compliance with all applicable standards, codes, laws, statutes or regulations and that the actions sought by PLAINTIFFS were not "readily achievable" as defined by law.

### Thirty-First Affirmative Defense

67.    As a thirty-first and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that the Complaint and each and every cause of action therein is barred because this

answering DEFENDANT alleges that it did not have exclusive control over the premises where the alleged disabled access violations are purported to exist.

### Thirty-Second Affirmative Defense

68.     As a thirty-second and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, DEFENDANT demands that their alleged fault or responsibility be compared to other parties and non-parties to this suit as provided by any governing authority or common law scheme of comparative fault, comparative responsibility or contribution.

### Thirty-Third Affirmative Defense

69.     As a thirty-third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT contend that PLAINTIFFS has failed to state facts or legal claims sufficient to form the basis for an award of attorneys fees in favor of PLAINTIFFS.

### Thirty-Fourth Affirmative Defense

70.     As a thirty-fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT contend that PLAINTIFFS are estopped to assert a claim because of his actions and inactions.

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

### Thirty-Fifth Affirmative Defense

71.    As a thirty-fifth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT is informed and believes that PLAINTIFFS has unclean hands and is therefore not entitled to relief from this Court.

### Thirty-Sixth Affirmative Defense

72.    As a thirty-sixth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT is informed and believes that modification of the subject premises for all renovations required or appropriate for disabled access or compliance with applicable law may not be "readily achievable" as that term is defined in applicable law.

### Thirty-Seventh Affirmative Defense

73.    As a thirty-seventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT is informed and believes that modification of the subject premises for all renovations required or appropriate for disabled access or compliance with applicable law may represent an undue hardship.

### Thirty-Eighth Affirmative Defense

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

74.    As a thirty-eighth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that at the time of the filing of this answer, affirmative defenses may not have been alleged for reasons that insufficient facts and information were available after reasonable inquiry.  This answering DEFENDANT therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts, and further reserves the right to seek indemnity and/or contribution from any third parties.

### Thirty-Ninth Affirmative Defense

75.    As a thirty-ninth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering DEFENDANT alleges that some or all of the property which is the subject of this lawsuits, or some or all of the improvements or attachments thereon, are or may be protected by laws and standards which prevent certain types of modifications or other actions in, on or around such structures, at least without all prior approvals and permits.

### Fortieth Affirmative Defense

76.    As a fortieth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering defendant alleges that at the time of the filing of this answer, affirmative defenses may not have been alleged for

reasons that insufficient facts and information were available after reasonable inquiry. This answering defendant therefore reserves the right to amend this answer to alleges additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts, and further reserves the right to seek indemnity and/or contribution from any third parties.

## Forty-First Affirmative Defense

77.    As a forty-first and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, and as a plea of comparative negligence, this answering defendant alleges if this answering defendant is held negligent, which negligence contributed as a proximate cause to plaintiff's injuries or damages, if any, that plaintiff was negligent, which negligence contributed to plaintiff's accident. This answering defendant prays that any damages awarded to plaintiff be diminished in proportion to the degree of fault attributable to plaintiff.

## Forty-Second Affirmative Defense

78.    As a forty-second and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, this answering defendant alleges that if plaintiff is entitled to a joint judgment against this answering defendant and the remaining DEFENDANT, and each of them, this answering defendant pray that this court order each of the judgment debtors to pay to plaintiff their proportionate share of joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA  92101  (619) 275-2000  Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

answering defendant is required to pay to plaintiff a disproportionate share of each joint judgment, this answering defendant pray leave of this court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such DEFENDANT by the trier of fact.

### Forty-Third Affirmative Defense

79.     As a forty-third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, Plaintiff did not provide written notice (pursuant to CCP § 1033 or any other statute) before filing this lawsuit and is thereby stopped from asserting that any of plaintiff's legal fees are reasonably incurred.

WHEREFORE, this answering DEFENDANT prays for judgment as follows:

1.     That PLAINTIFFS take nothing by reason of his Complaint and that judgment be entered in favor of DEFENDANT;

2.     That DEFENDANT be awarded costs of suit incurred in the defense of this action including reasonable attorneys' fees, to the extent allowed by law;

3.     For such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

Dated:  21 May 2008                    Lawyers Against Lawsuit Abuse, APC

                                       s/ DAVID W. PETERS, Attorney for DEFENDANT and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-CLAIMANT GLENN DOUGLAS
Email: dpeters@ascervus.com

**_-- VIA FACSIMILE --_**

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*   402 West Broadway, Fourth Floor, San Diego, CA  92101   (619) 275-2000   Fax (619) 353-9990

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM*  402 West Broadway, Fourth Floor, San Diego, CA  92101  (619) 275-2000  Fax (619) 353-9990

Lawyers Against Lawsuit Abuse, APC
David W. Peters, SB#155449
402 West Broadway, Suite 400
San Diego, CA 92101
(619) 275-2000 / FAX (619) 353-9990
dpeters@ascervus.com

Attorney for DEFENDANT and CROSS-CLAIMANT
Glenn Douglas

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GLENN DOUGLES dba THE WASH HOUSE;<br>LEE FAMILY TRUST 11-27-90 and DOES 1<br>THROUGH 10, Inclusive,<br><br>　　　　　Defendants. | CASE NO: 08 CV 0690 L (POR)<br><br>**_Proof of Service of:_**<br><br>**ANSWER OF DEFENDANT AND<br>CROSS-CLAIMANT GLENN<br>DOUGLAS** |
| GLENN DOUGLES dba THE WASH HOUSE,<br><br>　　　　　Cross-Claimant,<br><br>v.<br><br>LEE FAMILY TRUST 11-27-90 and DOES 1<br>through 10, inclusive,<br><br>　　　　　Third Party Defendants. | Complaint Filed: 11 September 2006 |

　　　　I, the undersigned, hereby declare that I am a resident of the State of California and am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is Lawyers Against Lawsuit Abuse, APC, 402 West Broadway, Suite 400, San Diego, CA 92101.

　　　　On 21 May 2008, I served the foregoing document described as:

　　　　**1.    ANSWER OF DEFENDANT AND CROSS-CLAIMANT GLENN DOUGLAS**

on the parties in this action by serving:

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101 (619) 275-2000 Fax (619) 353-9990

Amy B. Vandeveld, Esq.               Mr. Earl J. Lee, Trustee
Law Offices of Amy B. Vandeveld      Lee Family Trust 11-27-90
1850 Fifth Avenue, Suite 22          2169 West Drive
San Diego, CA 92101                  El Cajon, CA 92021

 (X) By Electronic Service Transmission via the United States District Court, Southern Division, Case Management/Electronic Case Files, Filing System.   I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use of email as identified and maintained therein.

(X) FEDERAL  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on 21 May 2008, at San Diego, California.

                                                                    s/

                              DAVID W. PETERS,
                              Email: dpeters@ascervus.com


                         *-- VIA FACSIMILE --*