Patrick J. Stark (SBN 149352)
STARK & D'AMBROSIO, LLP
501 W. Broadway, Ste. 770
San Diego, CA 92101

Tele: (619) 338-9500
Fax: (619) 338-9595

Attorneys for Defendants
LEE FAMILY TRUST 11-27-90

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>            Plaintiff,<br><br>vs.<br><br>GLENN DOUGLAS dba THE WASH HOUSE; LEE FAMILY TRUST 11-27-90 and DOES 1 THROUGH 10, inclusive<br><br>            Defendants. | CASE NO. '08 CV 0690 L POR<br><br>**ANSWER TO CIVIL COMPLAINT BY DEFENDANTS LEE FAMILY TRUST 11-27-90** |

COMES NOW, the named defendant, LEE FAMILY TRUST 11-27-90 ("Lee Defendant"), and severing themselves from all other named defendants in the Civil Complaint filed by plaintiff, hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1. To the extent that the allegations regarding jurisdiction in paragraph 1 of plaintiff's complaint require a response, Lee Defendant is without knowledge or information sufficient to form a belief as to the allegations contained therein.

2. To the extent that the allegations regarding venue in paragraph 2 of plaintiff's complaint require a response, Lee Defendant is without knowledge or information sufficient to form a belief as to the allegations contained therein.

3. To the extent that the allegations regarding the legal grounds/bases and law chosed for this complaint, as alleged in paragraph 3 of plaintiff's complaint require a response, Lee Defendant is without knowledge or information sufficient to form a belief as to the allegations contained therein.

4. In response to paragraph 4 of plaintiff's complaint, Lee Defendant, admits that the Defendant THE WASH HOUSE, is operating a business at the location alleged therein and is a lessee of the Lee Defendant. Lee Defendant denies the remaining allegations contained in paragraph 4.

5. In response to paragraph 5 of plaintiff's complaint, Lee Defendant, admits that it is a validly formed and existing Trust and is the lessor to THE WASH HOUSE, which is operating a business at the location alleged therein. Lee Defendant denies the remaining allegations contained in paragraph 5.

6. In response to paragraph 6 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

7. In response to paragraph 7 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

8. In response to paragraph 8 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

9. In response to paragraph 9 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

10. In response to paragraph 10 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

11. In response to paragraph 11 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

12. In response to paragraph 12 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

13. In response to paragraph 13 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

14. In response to paragraph 14 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

15. In response to paragraph 15 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

16. In response to paragraph 16 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

17. In response to paragraph 17 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

18. In response to paragraph 18 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

19. In response to paragraph 19 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

20. In response to paragraph 20 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

21. In response to paragraph 21 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

22. In response to paragraph 22 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

23. In response to paragraph 23 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

24. In response to paragraph 24 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

25. In response to paragraph 25 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

26. In response to paragraph 26 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

27. In response to paragraph 27 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

28. In response to paragraph 28 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

29. In response to paragraph 29 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

30. In response to paragraph 30 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

31. In response to paragraph 31 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

32. In response to paragraph 32 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

33. In response to paragraph 33 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

34. In response to paragraph 34 of plaintiff's complaint, Lee Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained therein.

## DEMAND FOR JURY

35. To the extent a response is required, in response to paragraph 55 of plaintiff's complaint, and considering the allegations and claims stated therein, Lee Defendant denies that plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

[Fails to State a Claim]

1. Lee Defendant alleges that the complaint and each and every cause of action contained therein fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

[Adequate Legal Remedy]

2. Lee Defendant alleges that plaintiff has an adequate remedy at law.

### Third Affirmative Defense

[Estoppel]

3. Lee Defendant alleges that the plaintiff has engaged in conduct and activities with respect to the property and activities which are the subject of the complaint, and by reason of said activities and conduct, are estopped from asserting any claim, damages, or seeking any other relief against this answering Lee Defendant.

### Fourth Affirmative Defense

[Waiver]

4. Lee Defendant alleges that the plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breaches of a duty, negligence or any other conduct, if any, as set forth in the complaint.

### Fifth Affirmative Defense

[Failure to Mitigate]

5. Lee Defendant alleges that plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, plaintiff may not recover for his own part, or by expenditures that might reasonably had been made and, therefore, plaintiff's recovery, if any, should be reduced by the failure of the plaintiff to mitigate his damages, if any there be.

### Sixth Affirmative Defense

[Assumption of Risk]

6. Lee Defendant alleges that at all times herein mentioned, plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon his said conduct and all purported damages alleged to be related thereto and proximately caused thereby.

### Seventh Affirmative Defense

[Laches]

7. Lee Defendant alleges that if plaintiff suffered loss and/or damage, if any, said loss and/or damages was proximately caused and contributed to by the conduct of plaintiff herein, including but not limited to breach of a duty and/or laches, and that as a result thereof, plaintiff's complaint is barred by law.

### Eighth Affirmative Defense

[Uncertain]

8. Lee Defendant alleges that plaintiff's complaint is uncertain, ambiguous and unintelligible as against this answering Lee Defendant.

///

///

### Ninth Affirmative Defense

[Contributory Negligence]

9.   Lee Defendant alleges that if plaintiff suffered loss and/or damage, if any, said loss and/or damage was proximately caused and contributed to by the conduct of plaintiff herein, including but not limited to unclean hands.

### Tenth Affirmative Defense

[Consent]

10.   Lee Defendant alleges that any and all actions, omissions or any other conduct was consented to by the plaintiff.

### Eleventh Affirmative Defense

[Privilege]

11.   Lee Defendant alleges that any and all actions by Lee Defendants were privileged.

### Twelfth Affirmative Defense

[Conduct Reasonable]

12.   Lee Defendant alleges that all actions by Lee Defendant were reasonable given the circumstances.

### Thirteenth Affirmative Defense

[Undue Hardship]

13.   Lee Defendant alleges, without admitting the allegations contained in the complaint, that to provide reasonable accommodations would impose an undue hardship on this answering Lee Defendant.

### Fourteenth Affirmative Defense

[Not Readily Achievable]

14.   Lee Defendant alleges, without admitting the allegations contained in the complaint, that to remove barrier to paths of travel would not be readily achievable.

### Fifteenth Affirmative Defense

[Comparative Fault]

15.   Lee Defendant alleges that the damages suffered by plaintiff, if any, was the direct and

proximate result of the negligence and wrongful conduct of parties, persons, corporations or other entities other than this answering Lee Defendant. The liability of this answering Lee Defendant is limited in direct proportion to the percentage of fault actually attributed to this answering Lee Defendant.

### Sixteenth Affirmative Defense

[Attorneys Fees]

16. Under the applicable law associated with the defense of any Unruh Action, and under California and Federal Law, defense request reasonable attorneys fees from the plaintiff for defending this action.

### Seventeenth Affirmative Defense

[Unstated Affirmative Defenses]

17. Lee Defendant presently has insufficient knowledge and information upon which to form a belief as to whether they may have additional, yet unstated, affirmative defenses. This answering Lee Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

### PRAYER

WHEREFORE, having fully answered, this answering Lee Defendant prays that plaintiff take nothing by said complaint, but that this answering Lee Defendant has and recovers judgment herein against plaintiff for costs incurred herein and for attorneys fees incurred herein, and for such other and further relief as this court may deem just and proper.

Dated: 6/5/08

Respectfully submitted,

STARK & D'AMBROSIO, LLP

By: _____
Patrick J. Stark, Attorney for
Defendants, LEE FAMILY TRUST 11-27-90